## Braughler et al. v. Findley.

*Tenants in common—Payment of taxes—Voluntary payment—Payment in ignorance of rights—Fraud—Silence.*

1. Payment of taxes of one co-tenant by another co-tenant is not such a voluntary payment as will bar the paying co-tenant from recovering the amount of them, and this is especially the case if the payment was made by mistake or in ignorance of his liability for the payment.

2. In an action to recover the amount of such taxes, where plaintiff alleges that defendant knew that his interest was not assessed to him and fraudulently allowed plaintiff to pay his proportion of the taxes, defendant cannot set up in his affidavit of defence the bar of the statute of limitations.

3. Where a co-tenant by his silence, when he ought to speak, or his failure to disclose what he ought to disclose, misleads his co-tenant, his action is as much a fraud in law as an actual affirmative misrepresentation.

Affidavit of defence as to questions of law. C. P. Indiana Co., June T., 1923, No. 159.

E. Walker Smith, for plaintiff; John A. Scott, for defendant.

LANGHAM, P. J., Oct. 9, 1923.—This action in *assumpsit* was brought by the plaintiffs against the defendant for the recovery of defendant's share of taxes paid by plaintiffs on three certain tracts of coal lands in Cherryhill Township, covering the years 1904 to 1921, inclusive, which said lands were owned by plaintiffs and defendant as tenants in common, the plaintiffs being the owners of the undivided one-quarter interest each, and the defendant the owner of the undivided one-half interest, which said lands were assessed in the name of the plaintiffs only.

The plaintiffs allege in their statement of claim that it was not discovered that they had been paying the entire amount of taxes on said lands until Feb. 15, 1922, whereupon they made demand for payment, together with interest from the dates of the respective payments, which demand was refused by the defendant; and the plaintiffs further aver that the defendant "knew and was aware of the fact that his interest in the said tracts of coal was not assessed to him, and wilfully, knowingly and fraudulently allowed the plaintiffs to pay his proportion of the taxes on said lands without any notice on his part to them or any of the assessors." The amount claimed by plaintiffs to be due and owing is: Taxes, $386.78, and interest, $175.79, making a total of $562.57.

The defendant by demurrer avers that the plaintiffs' statement of claim is insufficient to sustain the action against him for the following reasons:

4 D. & C.

Braughler et al. *v*. Findley.

"1. It clearly appears from the averments of the statement of claim that the payment of taxes which were assessed in the name of the plaintiffs for and during the period and times in said statement mentioned against certain coal lands in which it is alleged the defendant owned an interest was a voluntary payment made by said plaintiffs. It does not appear that any distress on plaintiffs' property was made or threatened under a collector's warrant, nor that a levy on or sale of any property of the plaintiffs was made whereby the plaintiffs were compelled to pay the taxes here sued for. And in absence of any compulsion to pay, it is averred by the defendant, as a matter of law, that the voluntary payment of taxes mentioned in the statement as made by the plaintiffs furnishes no basis for an implied promise on the part of the defendant to pay to the plaintiffs the amount of taxes so voluntarily paid by them; nor can it be legally inferred from all the facts alleged in the statement that the defendant requested such payment to be made on his behalf and promised reimbursement to the plaintiffs.

"2. The plaintiffs' statement shows no taxes were assessed on the coal lands described in the name of the defendant, nor that any demand was made on him by the plaintiffs, nor any other person, to pay any portion of these taxes prior to the voluntary payment by the plaintiffs to the collecting officers, and that the defendant cannot be held liable in this action.

"3. In any event, under all the averments of the plaintiffs' statement, no action can be sustained against the defendant by reason of any of the payments of taxes alleged to have been made by the plaintiffs prior to Feb. 15, 1916.

"4. The statement of claim fails to show any cause of action against the defendant and upon which the defendant is liable to the plaintiffs, all of which the defendant is informed and believes to be true and expects to be able to support as questions of law at the hearing of the case."

We are not convinced that the paying of taxes of one co-tenant by another co-tenant is such a voluntary payment as would bar the paying co-tenant from recovery, especially if the payment was made by mistake or in ignorance of his liability for the payment.

On the question of the statute of limitations raised here, it seems to us that the defendant could not avail himself of such a defence if it is true, as alleged in the amended statement of claim, that he knew that his interest in the lands was not assessed to him, and knowingly and fraudulently allowed the plaintiffs to pay his proportion of the taxes.

Where a co-tenant by his silence when he ought to speak, or his failure to disclose what he ought to disclose, misleads his co-tenant, his action is as much a fraud in law as an actual affirmative misrepresentation, and amounts to a fraudulent concealment, and he should not be allowed to take advantage of his own wrong by interposing the defence of the statute of limitations. And even if he did not know that his co-tenant was paying all of the taxes, and as a matter of fact he was liable for the payment of his proportionate share of the taxes, he should not be allowed such a defence after the mistake was discovered. In such a case, in all good conscience, he should reimburse his co-tenant for the amount of taxes thus erroneously paid. In the case at bar we do not know whether a fraud or concealment was perpetrated, or whether the conditions resulted from mistake or an understanding between the parties. All that will be developed at the trial.

No demand for any portion of this claim was made, according to the pleadings, prior to Feb. 15, 1922; therefore, it would seem that no claim for interest could reasonably be for any period prior to that date. The affidavit of defence as to questions of law, or demurrer, will be dismissed.

Braughler et al. v. Findley.

And now, Oct. 9, 1923, this case came on to be heard by argument of counsel, and, upon due consideration thereof, it is ordered and adjudged that the affidavit of defence raising questions of law be dismissed, and the defendant directed to file a supplemental affidavit of defence as to the facts within thirty days from this date.

From James L. Jack, Indiana, Pa.